**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 18-4548**

───────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

DARMATRICE LOVE,

　　　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:17-cr-00032-IMK-MJA-5)

───────────

Submitted:  February 22, 2019　　　　　　　　Decided:  March 7, 2019

───────────

Before NIEMEYER, KEENAN, and QUATTLEBAUM, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Craig W. Sampson, BARNES & DIEHL, P.C., Richmond, Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darmatrice Love pled guilty, pursuant to a plea agreement, to aiding and abetting in the maintenance of a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2) (2012), 18 U.S.C. § 2 (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the application of a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2016) constituted impermissible double counting. Love was notified of his right to file a pro se brief but has not done so. We affirm.

As to Love's claimed sentencing error, because Love failed to object to the sentencing enhancement below, imposition of that enhancement is reviewed only for plain error. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." *Id.* (internal quotation marks omitted). The Guidelines allow double counting unless specifically prohibited. *See United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." *Id.*; *see also United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010) ("[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines."). Because the Guidelines do not prohibit the application of the two-level enhancement under § 2D1.1(b)(12) when a defendant is

2

convicted under 21 U.S.C. § 856, there was no impermissible double counting, and thus no plain error in the application of USSG § 2D1.1(b)(12).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Love, in writing, of the right to petition the Supreme Court of the United States for further review. If Love requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Love.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*